UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 1:03-CR-243 |
| Plaintiff, | Hon. Richard Alan Enslen |
| v. | |
| JOSE LUIS ALEMAN-RAMOS, | **OPINION** |
| Defendant.        / | |

This matter is before the Court on Defendant Jose Luis Aleman-Ramos' Motion Pursuant to 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. The Motion is opposed by Plaintiff United States of America.

**I.    BACKGROUND**

On October 8, 2003, a federal grand jury indicted Defendant for being an illegal alien in possession of a firearm in violation of 18 U.S.C. § 922(g)(5)(A). Defendant attempted to plead guilty to this charge on the first morning of his jury trial; however, the Court rejected the plea as having an inadequate factual basis. On December 12, 2003, Defendant was convicted by a jury and later sentenced by the Court to 63 months imprisonment to be followed by a three-year term of supervised release. On March 24, 2004, Defendant appealed his conviction to the Sixth Circuit Court of Appeals arguing the Court abused its discretion when it admitted a hearsay statement as evidence, it erred in sentencing when it made a factual finding that increased Defendant's sentencing range, and the conviction was not supported by the weight of the evidence. Defendant also filed a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 on March 7, 2005. This Motion was dismissed without prejudice due to the pendency of Defendant's direct appeal. On

November 28, 2005, the Sixth Circuit affirmed Defendant's conviction, vacated his sentence and remanded Defendant for resentencing pursuant *United States v. Booker*, 543 U.S. 220 (2005).

Defendant was resentenced by this Court on February 22, 2006 to 63 months imprisonment followed by a three-year term of supervised release.  Defendant attempted to file a notice of appeal on April 18, 2006, more than 40 days after his Judgment was entered.  This Court denied his Motion for an extension of time as it only has discretion to grant an extension within 40 days of entry of judgment, and the Sixth Circuit dismissed his Notice of Appeal as late.  Defendant then filed this Motion to Vacate, Set Aside, or Correct a Sentence pursuant to Section 2255 on December 7, 2006.

## II.     CONTROLLING STANDARDS

Under 28 U.S.C. § 2255, a prisoner may bring a motion to vacate, set aside or correct his sentence if he believes: (1) it was imposed in violation of the Constitution or a statute; (2) that the court was without jurisdiction to sentence him; (3) that his sentence exceeds the maximum authorized by law; or (4) his sentence is otherwise subject to collateral attack.  In order to prevail upon a section 2255 motion, the petitioner "must allege one of three bases [of error]: (1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid." *Moss v. United States*, 323 F.3d 445, 454 (6th Cir. 2003) (citing *Weinberger v. United States*, 268 F.3d 346, 351 (6th Cir. 2001)).  This being Defendant's first collateral attack on his Judgment *via* section 2255, as his first was dismissed without prejudice, his Motion is properly before this Court.  *See In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997).

**III. ANALYSIS**

Defendant has moved to vacate, set aside, or correct his sentence on the grounds that he was denied effective assistance of counsel in violation of the Sixth Amendment and also because of errs of the Court. In opposing Defendant's section 2255 motion, the government contends Defendant has procedurally defaulted his claims of error by this Court and his claims of ineffective assistance of counsel are without merit.

A. Procedural Default

As noted, Defendant did not appeal the claims contained in his section 2255 motion to the Sixth Circuit. Ordinarily, claims not raised on direct appeal may not be raised through collateral review, *i.e.*, they are procedurally defaulted, unless Defendant shows (1) cause for his failure and prejudice or (2) that he is actually innocent. *Bousley v. United States*, 523 U.S. 614, 621-22 (1998); *United States v. Frady*, 456 U.S. 152, 167-68 (1982). Procedural default is a judicial device that effects significant economies on the Court while respecting the interests of comity and finality. *Massaro v. US.*, 538 U.S. 500, 504 (2003).

Defendant claims the Court erred by not accepting his guilty plea and adjudicating him guilty, and as a result, also erred by not crediting him with accepting responsibility within the meaning of the United States Sentencing Guidelines. These claims were not raised on appeal; therefore, these claims are procedurally barred unless Defendant can show cause for his failure and prejudice or that he is actually innocent. The Court construes Defendant's petition as alleging ineffective assistance of counsel as the cause for the failure. However, the Court cannot find any prejudice suffered by Defendant when these claims would not have afforded any relief at the appellate level as they are

without merit. Further, the Court notes that Defendant has not argued actual innocence as a reason for the procedural default.

Defendant's claim that the Court erred by not accepting his guilty plea is flawed for the reason that this Court was precluded from accepting his plea because Defendant failed to provide a factual basis for the plea. Federal Rule of Criminal Procedure 11(b)(3) requires the Court to determine the factual basis for the plea before entering judgment on the guilty plea. The Sixth Circuit has held when "a defendant pleads guilty, that defendant is admitting all the elements of a formal criminal charge" and "the district court must be satisfied, after discussion with the defendant in open court that the defendant understands the elements of the offense." *United States v. Syal*, 963 F.2d 900, 904-05 (6th Cir. 1992) (citations omitted). In the present case, the Court could not satisfy itself that Defendant understood and was admitting to the offense charged. (Plea Tr. at 17-19 & Mot. in Limine Tr. at 2-4). Therefore, Defendant cannot show prejudice as to this claim and it is properly procedurally barred.

Additionally, Defendant cannot show prejudice as to his derivative claim, that by not accepting the plea the Court also erred by not awarding him with accepting responsibility within the meaning of the United States Sentencing Guidelines. Defendant argues that had the Court accepted his guilty plea, he would have been credited with accepting responsibility and therefore, his prejudice suffered is a guideline range which was inflated due to Court err. However this logic is flawed. First, a defendant who pleads guilty is not automatically entitled to credit for acceptance of responsibility. Second, Defendant did not attempt to plead guilty until the morning of trial; as a result, the government had already expended time and resources preparing for trial. Acceptance of responsibility is typically awarded when a plea is made timely, thereby saving the government the

4

time and resources of preparing for trial. Finally, it is Defendant's burden to prove acceptance of responsibility by a preponderance of the evidence. *See United States v. Donathan*, 65 F.3d 537, 541-42 (6th Cir. 1995). Defendant would have failed to carry this burden even if the Court had accepted his guilty plea because the Court determined he "never admitted to engaging in the conduct comprising the offense." *Id*. at 542; (Plea Tr. at 16-19 & Mot. in Limine Tr. at 2-4)). Therefore, this claim is also properly procedurally barred.

B.      Claims in Exhibit A

The Court notes that Defendant has attached to his current Motion his previously dismissed motion pursuant to 28 U.S.C. § 2255. (*See* Ex. A) Construing Defendant's pleadings liberally, the Court interprets Defendant's attachment of his original motion as incorporating the claims for relief which do not appear in his current Motion to Vacate. Specifically, the Court now addresses Defendant's two claims: (1) that factors affecting his sentencing were not charged in the Indictment and found by the jury beyond a reasonable doubt in violation of the Sixth Amendment, and (2) the Court erroneously amended the Indictment by findings of fact at sentencing in violation of the Fifth Amendment. The Court finds the Sixth Amendment claims are without merit as Defendant's appeal to the Sixth Circuit and subsequent remand and resentencing pursuant to *Booker* has remedied any potential error in the original sentencing.

Defendant's claim that the Court constructively amended the Indictment in violation of the Fifth Amendment also fails. First, this claim fails because it is procedurally barred as it was never brought on direct appeal. This procedural bar is not overcome despite claims of ineffective assistance of counsel because Defendant can show no prejudice. Defendant claims the Court substantively amended the Indictment when an enhancement under the United States Sentencing

5

Guidelines was not charged separately in the indictment. However, this argument is without merit where Defendant only argues the government should have charged him separately with a Sentencing Guideline enhancement which did not increase the statutory maximum under his charged offense. *See Apprendi v. New Jersey*, 530 U.S. 466 (2000); *see also United States v. Cotton*, 535 U.S. 625 (2002). Therefore, this claim is procedurally barred and without merit.

C.      Ineffective Assistance of Counsel

Defendant claims he suffered ineffective assistance of counsel at the trial level, the appellate level and at his resentencing. Defendant had the same attorney throughout his trial, appeal, and subsequent resentencing. In order to prevail on a claim of ineffective assistance, a defendant must show: (1) that his counsel made errors so serious that he "was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment," and ; (2) "that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Strickland,* 466 U.S. at 687.

The first prong of the test, attorney performance, is judged by "reasonableness under prevailing professional norms." *Id.* at 688. In evaluating this prong, the Court must be "highly deferential" to counsel's performance and avoid being guided by the benefits of hindsight. *Id.* at 689 ("Every effort [must] be made to eliminate the distorting effects of hindsight."). The Supreme Court has recognized that a trial attorney faces a myriad of different decisions. *Engle v. Isaac*, 456 U.S. 107, 133 (1982). When counsel has overlooked or chosen to omit a possible argument, it does not give rise to a constitutionally deficient performance. *Id.* at 133-34. The same holds true for appellate counsel. *Jones v. Barnes*, 463 U.S. 745, 751-54 (1983). Under the second prong of the test, the defendant must show that there is a reasonable probability that "but for counsel's

6

unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694.

Defendant first argues his counsel was ineffective because counsel failed to cross examine Defendant's son, Aleman-Ramos, Jr., in violation of the Confrontation clause of the Sixth Amendment. At trial, Aleman-Ramos, Jr's statements were entered through a government witness' testimony, which was admitted under the hearsay exception allowing excited utterances. Aleman-Ramos, Jr. did not testify at Defendant's trial. Defense counsel states he did not call Defendant's son to rebut the testimony because he believed the son's testimony would be detrimental and also because *Defendant* did not wish his son to be called as a witness and be forced to testify against his father. (*See* Kaczor Aff. ¶ 7.) Further, it is clear from the record and defense counsel's affidavit that there was a clear strategy to suppress the statements through a Motion in Limine. The Court also notes the strategy was in part successful because the Sixth Circuit overturned the Court on this issue and held the statements were inadmissible but the error was harmless. In light of these facts, Defendant has failed to show that the decision not to call Defendant's son fell below an objective standard of reasonableness nor has he shown any prejudice suffered.[1]

Defendant also argues defense counsel was ineffective when he failed to object to a two-level upward adjustment to the advisory guideline range for possession of a stolen firearm before sentencing or resentencing. Again, Defendant fails to establish that this failure falls below an objective standard of reasonableness when defense counsel did request the Court deduct the

---

[1] To the extent this argument can be construed as one in which Defendant alleges his counsel was ineffective for failing to bring this claim in direct appeal, the claim also fails. The Sixth Circuit reached the claim and found given the great weight of evidence against Defendant, any Confrontation clause issue was not plain error. Therefore, again there is no prejudice.

enhancement from the advisory range. (*See* Sent. Mem. at 7; Resentencing Tr. at 6 (referring to Sent. Mem.); Kaczor Aff. ¶ 8.) Further, Defendant's counsel believed such an objection to be frivolous as all information provided established it was a stolen gun. (Kaczor Aff. ¶ 8.) It is well established that the "Constitution guarantees criminal defendants only a fair trial and a competent attorney. It does not insure that defense counsel will recognize and raise every conceivable constitutional claim." *Engle*, 456 U.S. at 133-34. Moreover, a lawyer does not prejudice his client or perform deficiently by failing to raise frivolous objections. *Harris v. United States*, 204 F.3d 681, 683 (6th Cir. 2003). Therefore, Defendant's claim fails.

Defendant next argues that his counsel was constitutionally deficient because he did not assist or insist that the Court accept his guilty plea before his jury trial. However, after a review of the transcript, it is clear Defendant cannot show any deficiency in counsel's performance where counsel argued with the Court that his guilty plea should be accepted. (Mot. in Limine Tr. at 2.) The Court held Defendant failed to state an adequate factual basis for the plea when he did not admit to the underlying offense. (Plea Tr. at 17-19; Mot. in Limine Tr. at 2-4.) Further, Defendant cannot show any prejudice where he was convicted of the same offense to which he was attempting to plead guilty. To the extent Defendant attempts to argue prejudice based on the fact the Court would have given him credit for acceptance of responsibility, this argument is without merit. First, the Court rejected his plea for failing to admit to the conduct of the crime; it is highly unlikely any acceptance of responsibility credit would have been awarded in that circumstance. Second, the Court was not a party to any potential plea agreement between Defendant and the government; therefore, the Court could have sentenced Defendant to the same sentence he was given after the trial. Finally, Defendant did not even attempt to plead until the morning trial was scheduled to begin, thereby causing the

government the time and expense of preparing for trial. It is highly unlikely the Court would award any defendant acceptance of responsibility given the same fact scenario, since acceptance of responsibility is awarded for a *timely* plea. Accordingly, Defendant's claim of ineffective assistance of counsel fails.

Defendant argues that his counsel was constitutionally deficient because he failed to consult Defendant about the direct appeal process or inform Defendant that an appeal was filed. This argument fails. Defendant's counsel has submitted an affidavit and attachments which conclusively show Defendant was informed of the appeal filed and of the subsequent events. (*See* Kaczor Aff. ¶ 9 & Attach. 1.) Further, even if counsel had not informed Defendant of the appeal or kept him informed of its status, Defendant cannot and has not show any prejudice. Indeed, the appeal taken resulted in a remand and resentencing of Defendant pursuant to *Booker* and reversal of the motion in limine. Therefore, this claim fails.

Defendant also argues his counsel was deficient in failing to appeal after the resentencing. Defendant argues that he requested by letter that his lawyer file an appeal following his resentencing and his lawyer failed to do so. In *Roe v. Flores-Ortega*, 528 U.S. 470 (2000), the Supreme Court held "the test for assessing ineffective assistance of counsel for failure to file a notice of appeal is the familiar two-pronged inquiry of *Strickland v. Washington*." *Regalado v. United States*, 334 F.3d 520, 525 (6th Cir. 2003) (citing *Roe*, 528 U.S. at 477.) The Supreme Court further held that "when the client has neither told his attorney to file an appeal nor told her not to file an appeal, courts must evaluate the attorney's performance by asking whether the attorney 'consulted' with the defendant" about the appeal. *Id*. If this consultation did occur, then the lawyer's performance is constitutionally deficient only if counsel failed to file an appeal as *expressly* instructed. *Id*. If counsel fails to file

9

despite explicit instructions to do so, the defendant is presumed to be prejudiced. *See Deiztz v. Money*, 391 F.3d 804, 810 (6th Cir. 2004). If a defendant fails to instruct his attorney to file an appeal, he cannot later claim ineffective assistance of counsel based on withholding an appeal. *Roe*, 528 U.S. at 477 (citations omitted). If counsel failed to consult with his client about an appeal, such a failure is only professionally unreasonable where (1) a rational defendant would want an appeal; or (2) a particular defendant reasonably demonstrated to counsel an interest in appealing. *Id*. at 480. A defendant meets the prejudice standard of *Strickland* by showing the reasonable probability that, but for the failure to consult, he would have timely appealed. *Id.*, at 484.

In the present case, Defendant claims he requested that his counsel visit him to discuss the resentencing and Defendant's wish to file an appeal; however, counsel never visited him or contacted him about an appeal. (Aleman-Ramos Aff. ¶ 10.) Defendant was informed at the time of resentencing that he had 10 days to file an appeal. (*Id*.) Defendant attests he later sent his counsel a letter specifically instructing his attorney to file an appeal. (*Id*. at ¶ 11.) Defendant's attorney contradicts Defendant and states he did consult Defendant about the possibility of an appeal and during the conversation, he informed Defendant that there were no legitimate issues, especially given the fact the Sixth Circuit has ruled on the issues from trial in direct appeal. (Kaczor Aff. ¶ 10A.) Counsel also sent Defendant a letter confirming this consultation and the determination *not* to file an appeal and has submitted a copy of the letter to the Court. (*See Id*. Attach. 2.) It is clear from the date of the letter that at the time of its post, 10 days would have remained to file a Notice of Appeal. (*Id*.) Counsel also attests that Defendant did not contact him by telephone or by letter about an appeal. (*Id*. at ¶ 10A)

Here, the Court finds that the evidence of record makes clear Defendant's counsel *did* consult Defendant about an appeal and he memorialized that conversation in a timely letter advising Defendant he had 10 days to appeal from that date. Further, the Court notes Defendant filed a Notice of Appeal himself; however, it was found to be untimely. Defendant does not account as to why he attempted to file an appeal when he claims he had explicitly advised his attorney to do so on his behalf. Moreover, in Defendant's Motion for an Extension of Time to file a Notice of Appeal, he attests that the reason for his delay was due to his in-transit status and that he deposited the Notice of Appeal the first day he arrived at Fort Dix. (*See* Dkt. No. 63, Aleman-Ramos Aff. at 2.) However, Defendant never claimed his delay was due to any reliance on his attorney filing on his behalf or his belief that such a filing may have been made. Defendant also filed a Motion for Reconsideration on this issue after his Motion for Extension of Time was denied and his Notice of Appeal was dismissed as untimely. In the Motion for Reconsideration, Defendant, again, does not state that he was relying on his attorney to file on his behalf or that he believed his attorney had filed on his behalf. (*See* Dkt. No. 65.)

In light of these facts, the Court finds that Defendant has failed to show his counsel did not consult with him about an Appeal. Alternatively, even if Defendant could establish there was a complete lack of consultation, he has also failed to show any prejudice. Indeed, Defendant did file an appeal, although untimely, but he did not attest or argue that reliance on his lawyer's actions were the reason he was delayed in his filing or that he had any belief that he had instructed his attorney to do so. Accordingly, the Court finds there is not a "reasonable probability that, but for counsel's deficient failure to consult with him about an appeal, he would have timely appealed." *Roe*, 528 U.S. at 484. Defendant's claim of ineffective assistance of counsel fails.

D.    Certificate of Appeability

Pursuant to 28 U.S.C. § 2253, the Court must also assess whether to grant the issuance of a certificate of appealability to Defendant. *See Castro v. United States*, 310 F.3d 900, 903 (6th Cir. 2002) (holding that § 2253 analysis may be done at the time the claim for relief is determined). Under the statute and the United States Supreme Court's determinations in *Slack v. McDaniel,* 529 U.S. 473, 483-84 (2000) and *Barefoot v. Estelle,* 463 U.S. 880, 893 & n.4 (1983), a certificate shall issue if the resolution of the petition is debatable among reasonable jurists or adequate to deserve encouragement for some other reason. Furthermore, the analysis of the sufficiency of the claims must be individually directed to the substance of the constitutional claims asserted. *Murphy v. Ohio*, 263 F.3d 466, 466-67 (6th Cir. 2001); *Porterfield v. Bell*, 258 F.3d 484, 486 (6th Cir. 2001).

Upon review, this Court finds that reasonable jurists would not find Defendant's positions debatable with respect to the substantive grounds for denying relief as to all issues asserted. Accordingly, a certificate of appealability will be denied.

**IV.    CONCLUSION**

The Court will deny Defendant Jose Luis Aleman-Ramos' Motion to Vacate, Set Aside, or Correct Sentence. Furthermore, the Court denies a certificate of appealability.

A Final Order consistent with this Opinion shall issue.


Dated in Kalamazoo, MI:                                /s/Richard Alan Enslen
April 5, 2007                                                    Richard Alan Enslen
                                                                       Senior United States District Judge