UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

JOSE LUIS ALEMAN-RAMOS,

    Defendant.
                          /

Case No. 1:03-CR-243

Hon. Richard Alan Enslen

**ORDER**

    This matter is before the Court on Defendant Jose Luis Aleman-Ramos' Motion for Appointment of Counsel.

    Defendant seeks appointment of counsel pursuant to 28 U.S.C. § 1915. However, the Court properly construes this as a request for appointment of counsel pursuant to the Criminal Justice Act, 18 U.S.C. § 3006A(a)(2)(B). Pursuant to Section 3006A(a)(2)(B),

> (2) Whenever the United States Magistrate or the court determines that the interests of justice so require, representation may be provided for any financially eligible person who. . .
>
>     (B) is seeking relief under section 2241, 2254, or 2255 of title 28.

As Defendant is seeking relief under Section 2255, this statute is applicable. However, a petitioner in a habeas proceeding has no constitutional right to counsel. *Cobas v. Burgess*, 306 F.3d 441, 444 (6th Cir. 2002). Further, the decision to appoint counsel for a federal habeas petitioner is within the discretion of the court and is required only where the interests of justice or due process so require. *Mira v. Marshall*, 806 F.2d 636, 638 (6th Cir. 1986).

> 'Habeas corpus is an extraordinary remedy for unusual cases' and the appointment of counsel is therefore required only if, given the difficulty of the case and petitioner's ability, the petitioner could not obtain justice without an attorney, he could not attain a lawyer on his own, and he would have a reasonable chance of winning with the assistance of counsel.

*Lemeshko v. Wrona*, 325 F. Supp. 2d 778, 787 (E.D. Mich. 2004) (citing *Thirkield v. Pitcher*, 199 F. Supp. 2d 637, 653 (E.D. Mich. 2002)).  The appointment of counsel in habeas proceedings is only mandatory if the district court determines that an evidentiary hearing is required; otherwise, the decision remains discretionary.  *Swazo v. Shillinger*, 23 F.3d 332, 333 (10th Cir. 1994).  The exceptional circumstances justifying the appointment of counsel to represent a prisoner acting *pro se* in a habeas action "exist where a petitioner has made a colorable claim, but lacks the means to adequately investigate, prepare, or present it." *Johnson v. Howard*, 20 F. Supp. 2d 1128, 1129 (W.D. Mich. 1998) (citing *Maclin v. Freake*, 650 F.2d 885, 887 (5th Cir. 1982)).

In the present action, Defendant has submitted a habeas claim which has raised multiple issues for habeas relief, none of which indicate an evidentiary hearing is necessary.  Defendant's claims were sufficiently clear, coherently organized and well presented such that the Court does not foresee any difficulty in weighing the merits of the claim.  Accordingly,

**IT IS HEREBY ORDERED** that Defendant Jose Luis Aleman-Ramos' Motion for Appointment of Counsel (Dkt. No. 73) is **DENIED**.

DATED in Kalamazoo, MI:  
    April 16, 2007

/s/ Richard Alan Enslen  
RICHARD ALAN ENSLEN  
SENIOR UNITED STATES DISTRICT JUDGE